USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/13/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
AL-FATAH S. STEWART, :
:
                              Petitioner(s), :    1:22-cv-7853-GHW-OTW
:
           -v – :     ORDER
:
WARDEN CAPUTO, :
:
                              Respondent(s). :
:
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

      Petitioner Al-Fatah S. Stewart filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the constitutionality of his then-ongoing state criminal proceedings and pre-trial detention. Dkt. No. 2, at 2. Petitioner's only remaining claim is the alleged violation of his Sixth Amendment right to a speedy trial. Dkt. No. 6, at 5 (order denying all other claims).

      Respondent Warden Caputo, represented by the New York County District Attorney's Office and the New York State Attorney General's Office, represents that Mr. Stewart was released on his own recognizance pending trial on February 3, 2023. Dkt. No. 28. Respondent also represents that the underlying indictment had been dismissed by consent of the State and Petitioner's state case is sealed. *Id.* On September 9, 2023, the Court ordered Mr. Stewart to show cause by October 13, 2023 as to why this action should not be dismissed as moot. Dkt. No. 30. Mr. Stewart failed to respond or appear at the hearing scheduled on this issue.

      A case is moot if it no longer presents a "case or controversy" within the meaning of Article III, Section 2 of the Constitution. *See, e.g.*, *So v. Reno*, 251 F. Supp. 2d 1112, 1121 (E.D.N.Y. 2003). A habeas petitioner who is no longer in custody must show continuing "collateral consequence[s]" of the detention that can be remedied by granting the writ, such that a case or controversy continues

to exist. *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). The initial burden of showing some existence of collateral consequences rests on the petitioner. *See Nowakowski v. New York*, 835 F.3d 210, 223–25 (2d Cir. 2016).

Mr. Stewart does not contest that he has been released, was not convicted on the underlying state charges, and will have his records sealed. Dkt. No. 28. Mr. Stewart has failed to show that any collateral consequences exist to warrant the Court's retention of this matter. Accordingly, this action is dismissed as moot.

The Clerk of Court is directed to enter judgment for Respondent and close the case.

SO ORDERED.

Dated: October 13, 2023
       New York, New York

                                                  GREGORY H. WOODS
                                                  United States District Judge